DOUGLAS ALLEN FISHER AND JOHN FRANKLIN RHODES, Appellants,

v.

AVIATA FA'ALEVAO, Chairman of the Immigration Board, Appellee.

High Court of American Samoa
Appellate Division

AP No. 40-80

December 24, 1980

MURPHY, Associate Justice.*

This cause came before the Court on an expedited hearing on November 28th, 1980. Both parties were given five days to file proposed orders which the Court could then issue. Neither party has filed a proposed order and I take it upon myself to issue the following:

The Immigration Board of American Samoa is restrained from taking any further action to deport Appellants without further order of this court. The record before the Court consists of a "petition for stay pending appeal," an "order allowing voluntary departure from American Samoa," and an "Authorization to remain in American Samoa." The petition rambles and the order allowing voluntary departure makes so little sense as to be void on its face. If the American Samoa Government expects to have its orders enforced it is going to have to make findings of fact and state the authority upon which it is deporting these American Citizens which it refers to as aliens. In general, once the Board has made its findings and stated the authority under which it intends to deport any person, the individual who will be deported can then file a brief with the Appellate Division of this court stating the facts as he understands them and citing the law he believes applicable to the deportation. Without those two steps, it is impossible for any court to make a final determination of cases such as these.

If there were a hearing in this case at which notes were taken, a transcript should be filed within 60 days of this date. If no reporter was present at the hearings, or if there were no hearings in this matter, Appellee has 60 days to file findings upon which it intends to deport Appellants, and the authority upon which it relies to do so. If the Government does not file these pleadings within 60 days, it will be deemed to have reconsidered its decision to deport Appellants, and the Court will consider, ex parte, the relief prayed for in Appellant's prayer.

Upon the filing of the pleadings above, Appellants will have 21 days to file a coherent opening brief conforming to the requirements of the Rules of Practice of the High Court of American Samoa. Should such brief not be filed within the prescribed time, Appellants will be deemed to have waived their right to appeal the decision of the Immigration Board, and the Court will dissolve the restraining order presently in effect against Appellee.

-----------------------

*Sitting alone pursuant to 5 ASC 409(d).